**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DUKE ENERGY INTERNATIONAL
PERU INVESTMENTS NO. 1 LTD.,

      Petitioner,

          v.                                                    Civil Action No.  11-1602 (JEB)

REPUBLIC OF PERU,

      Respondent.

<u>**MEMORANDUM OPINION**</u>

      Petitioner Duke Energy International Peru Investments No. 1 Ltd. (DEI) filed this action

to confirm an Award issued by an international arbitrator pursuant to 22 U.S.C. § 1650a and

Article 54 of the Convention on the Settlement of Investment Disputes Between States and

Nationals of Other States (ICSID Convention).  Respondent Republic of Peru moved to dismiss

the action or, in the alternative, to remand the dispute to the arbitrator for further clarification.

The Court denied the Motion in a Memorandum Opinion issued on September 14, 2012.  <u>See</u>

<u>Duke Energy Intern. Peru Investments No. 1 Ltd. v. Republic of Peru</u>, -- F. Supp. 2d --, 2012 WL

4045191 (D.D.C. Sept. 14, 2012) (<u>DEI I</u>).  Peru now seeks what amounts to a second bite at the

apple and meets the same fate.  The Court will thus confirm the Award of $2,740,218 in favor of

DEI.

**I.      Procedural Background**

      The factual background to this matter is set forth in <u>DEI I</u>, <u>see</u> <u>id.</u> at *1, and will not be

reiterated here.  In previously moving to dismiss, Peru argued first that DEI's Petition should be

dismissed for failure to state a claim "'because the Petition acknowledges that Peru has paid the

full amount of the award according to the intention of the ICSID Tribunal.'" Id. at *3 (quoting

Motion to Dismiss, ECF No. 10, at 6).  It also argued "that the case should be remanded to the

ICSID Tribunal for clarification because the underlying award is ambiguous inasmuch as the

appropriate interest rate cannot be determined." Id. (citing Motion to Dismiss at 7).  The Court

disagreed on both points.  See id. at *3, *5.

After denying Peru's Motion, the Court held a status conference, in which it invited the

parties to propose how next to proceed.  DEI argued that the Court should simply confirm the

award, having rejected Peru's objections.  See Hrg. Tr. (Oct. 2, 2012) at 7.  Peru, conversely,

desired an opportunity for fuller briefing on Peruvian law.  Id. at 4.  The Court, while noting that

DEI might well be right, permitted Peru a "limited opportunity" to present any other arguments

against confirmation.  Id. at 10.

Peru has thus filed a pleading styled "Motion to Deny Confirmation," see ECF Nos. 19-

20, and DEI has cross-moved to enter an order confirming the award.  See ECF No. 21.

## II.    Analysis

In its new Motion, Peru contends that the amended Article 38 of its Tax Code does not

apply to the Award.  Although the Court, in permitting additional briefing, did not foreclose any

arguments Peru wished to make, it did not expect such briefing to act as a motion for

reconsideration.  Denying the clear applicability of Article 38 was a focus of Peru's earlier

Motion to Dismiss, which the Court rejected.  This new Motion should not be a vehicle for

reargument of the same point.

Even if Peru's arguments were new, they would not succeed.  This time around, Peru first

maintains that Peruvian tax law distinguishes between "Assessment Resolutions" and "Orders to

Pay" such that the assessment SUNAT levied on DEI was not a "document . . . demanding the

payment of a tax debt" for purposes of amended Article 38.  See Mot. to Deny at 5.  In the alternative, it contends that Article 38 does not apply at all because DEI itself was not a taxpayer; instead, DEI's subsidiary Egenor was.  Id. at 8.  Because the Award is clear on its face as to whether and how amended Article 38 applies, the Court again rejects these arguments.

As was the case when this Court considered Peru's Motion to Dismiss, the question presented is a narrow one: whether the ICSID Award is sufficiently clear for this Court to determine the applicable interest rate.  If so, this Court is required by statute to give the Award full faith and credit and confirm it accordingly.  See 22 U.S.C. § 1650a.  The legal standards governing judicial review of arbitration awards are not complicated.  As the Court previously noted, such review "is limited by design."  DEI I, 2012 WL 4045191, at *3.  Remand is the only relief available, and it is "an exceptional remedy . . . 'to avoid if possible, given the interest in prompt and final arbitration.'"  Id. (quoting Ethyl Corp. v. United Steelworkers of America, AFL-CIO, 768 F.2d 180, 188 (7th Cir. 1985)).  Remand is only warranted where the award is "'so ambiguous that a court is unable to discern how to enforce it.'"  Id. (quoting Telenor Mobile Comms. AS v. Storm LLC, 351 F. App'x 467, 469 (2d Cir. 2009)); see, e.g., Hyle v. Doctor's Assocs., Inc., 198 F.3d 368, 371 (2d Cir. 1999) (remand appropriate where arbitral award ambiguous as to which respondent was liable).  Although styled as a Motion to Deny Confirmation, then, Peru's Motion is really just a second motion for remand.  Once again, Peru would only be entitled to such remand if this Court were at a loss to determine the arbitrator's meaning.

Peru's first argument about Peruvian tax law is thus another red herring.  The issue before the Court is the clarity or ambiguity of the Award.  Because the plain language of the Award is and remains clear, Peru's assertions regarding the meaning of Peruvian tax law are irrelevant:

they are beyond the clear, plain meaning of the Award, and the Court simply need not reach them.  See, e.g., Travelers Indemn. Co. v. Bailey 557 U.S. 137, 150 (2009) ("where the plain terms of a court order unambiguously apply . . . they are entitled to their effect"); Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992) ("when the words of a statute are unambiguous . . . this first canon is also the last: 'judicial inquiry is complete'") (internal citations omitted); In re Fitzgerald Marine & Repair, Inc., 619 F.3d 851, 859 (8th Cir. 2010) ("Where the written instrument is so worded that it can be given a certain definite legal meaning or interpretation, then it is not ambiguous, and this Court will construe [it accordingly].").

The Award states that "[DEI] has indeed sustained a loss as a result of SUNAT's assessment against Egenor."  See Amended Pet., Declaration of Andrew H. Marks, Exh. B (Award), ¶ 457 (emphasis added).  It goes on to hold that DEI is to be awarded interest at "the actual interest rate(s) stipulated for that period by SUNAT for refunds to taxpayers." Id., ¶ 488. Amended Article 38 provides for two different interest rates used in refunds to taxpayers.  See Amended Pet., Declaration of Rocío V. Liu Arévalo, Exh. A (Translation of Law 29191).  The TIM or interest-on-arrears rate must be paid for overpayments "made as a consequence of any document issued by the Tax Administration requiring the payment of a tax debt."  Id.  Other excessive payments are awarded interest at a rate "no lower than the average deposit rate for the market for any other excessive payment."  Id.

Both learned dictionaries and common usage define an "assessment" in the tax context as something that sets the amount to be paid – that is, a document that requires the payment of a tax debt.  See, e.g., The Oxford English Dictionary (defining "assessment" as "the determination or adjustment of the amount of taxation, charge, fine, etc., to be paid by a person or community") Under the only reasonable reading of the Award, the TIM rate applies, and DEI should receive

interest at the rate intended for overpayments "made as a consequence of any document . . . requiring the payment of a tax debt."  As the Court noted in its earlier Opinion, the rule of interpretation that the plain meaning should govern – where that meaning is unambiguous – holds true for contracts, judgments, and statutes.  And for the Award here, too.  See DEI I, 2012 WL 4045191, at *4.  Because the plain meaning here is readily intelligible, no further judicial inquiry is needed.

Finally, Peru's argument that DEI is not entitled to the higher interest rate provided in Article 38(a) because it is not a Peruvian taxpayer was previously foreclosed, both by this Court and by the ICSID Tribunal.  As DEI correctly notes, the Tribunal plainly stated that DEI must be awarded interest "calculated using . . . the interest rate(s) SUNAT credits to taxpayers on tax refunds."  Award, ¶ 488.  Because the Tribunal has made clear that DEI is to receive interest at the taxpayer rate, the fact that DEI's subsidiary Egenor was the actual payor of the tax overpayments is irrelevant.  Absent any showing from Peru that the Tribunal's clear statement that DEI was to receive the taxpayer interest rate is ambiguous, the Tribunal's ruling is binding and conclusively resolves this issue.  Because Peru has again failed to show that the Award is so ambiguous that this Court cannot determine the proper interest rate to be applied, it will deny Peru's Motion and confirm the Award.

### III.  Conclusion

For the foregoing reasons, the Court will issue a contemporaneous ORDER this day denying Peru's Motion to Deny Confirmation, granting DEI's Motion to Enter Order Confirming, and awarding DEI $2,740,218, which is the amount Peru agrees is being contested here.  <u>See</u> Rep. at 7.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  <u>November 19, 2012</u>